UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ELYSE HOYT, )
    Plaintiff, )
     ) CIVIL DIVISION
v. ) Docket No. 5:20-cv-73
     )
MILTON SHOPPING CENTER, LLC, )
    Defendant. )

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES, Plaintiff, Elyse Hoyt, by and through her attorney, Thomas J. Sherrer, and does hereby complain and alleges as follows:

### PARTIES

1. Plaintiff Elyse Hoyt ("Ms. Hoyt") is over 18 years old and is a resident of the Town of Schenectady, County of Schenectady, State of New York.

2. Defendant, Milton Shopping Center, LLC is a domestic limited liability company incorporated under the laws of the State of Vermont and is registered to do business in the Town of Burlington, County of Chittenden and State of Vermont.

3. Upon information and belief, at all times relevant to this action, Defendant owned, operated, managed, and/or maintained both individually and through its agents and/or employees, a shopping center located at 199 US Route 7 S, Milton, VT 05468, and known as Milton Shopping Center (hereinafter "Milton Shopping Center" or "the premises").

### JURISDICTION AND VENUE

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), since a substantial part of the events giving rise to Plaintiff's claim occurred in the District of Vermont

1

## **STATEMENT OF FACTS**

7. Plaintiff incorporates as if fully set forth herein Paragraphs 1 through 6 of this Complaint.

8. On or about August 13, 2019, Plaintiff was walking into the Milton Shopping Center to shop at the Family Dollar.

9. At the same time and place, the sidewalk in front the Family Dollar at the Milton Shopping Center had recently been re-done and had not yet been painted with a road surface marking to indicate the uneven ground.

10. While walking to the sidewalk, her sandal caught on the uneven ground she thought was flat, causing her to trip and fall.

11. Ms. Hoyt tried to catch herself with her left arm but was unable to and fell hard on the left side of her body and face.

12. Ms. Hoyt was stunned, light-headed, and confused from the incident and tried to roll over as two employees from the Dollar General came outside to help.

13. The first employee, a male, offered help to Ms. Hoyt and called an ambulance for her.

14. The second employee, a female, came outside and mentioned that Ms. Hoyt was the second or third person to trip over the uneven ground outside of the store.

15. As a direct result of Defendant's failure to properly mark the uneven ground, Plaintiff sustained severe personal injuries including, but not limited to, the following: a traumatic brain injury; post-concussive syndrome; bruising and scraping on the left side of her face and arm; a sprained left hand; and vision disturbances including vitreous floaters.

## CAUST OF ACTION

16. Plaintiff incorporates as if fully set forth herein paragraphs 1 through 15 of this Complaint.

17. At all times relevant to this action, Plaintiff was an invitee lawfully on the premises of the Milton Shopping Center, which was owned, operated, and maintained by Defendant.

18. At all times relevant to this action, Defendant, individually and/or by and through its agents, servants and/or employees, had a duty to maintain the premises, including the sidewalk, parking lots, entrances and exits located thereon, in a reasonably safe condition for persons lawfully on said premises, including Plaintiff.

19. At all times relevant to this action, Defendant failed to properly maintain and mark the sidewalk, parking lots, entrances and exits on the premises, thereby allowing and/or causing the sidewalk, parking lots, entrances and exits to become hazardous due to uneven ground and unsafe for use.

20. Defendant knew, or should have known in the exercise of ordinary care, that the sidewalk had recently been redone and needed a road surface marking to mark the uneven ground.

21. Defendant knew or should have known that its failure to properly maintain and mark the sidewalk created an unreasonable risk of danger to Plaintiff and others lawfully on the premises.

22. Defendant knew or should have known that Plaintiff and others lawfully on the premises would not discover or realize the danger, or would fail to protect themselves against it.

23. Defendant's failure to exercise reasonable care under the circumstances regarding the state of the premises caused Plaintiff to trip and fall while walking on the sidewalk of the premises and suffer severe and permanent injuries.

24. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe personal injuries; has and continues to experience pain and suffering, mental anguish, loss of enjoyment of life; has incurred lost income; and has incurred medical bills and expenses.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the Honorable Court award the following relief:

1. Compensatory damages against the Defendant for all damages Plaintiff has sustained;
2. Interest and costs; and
3. Such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff, Elyse Hoyt, by and through her attorney, Thomas J. Sherrer, Esq., respectfully requests a trial by jury on all issues.

**DATED** at Burlington, Vermont, this **7** day of May, 2020.

THOMAS SHERRER, PLLC

_____
Thomas J. Sherrer, Esq.
Waterfront Plaza
180 Battery Street, Suite 360
Burlington, VT 05401

Attorney for Plaintiff

4